UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22441-CIV-ALTONAGA/O'Sullivan

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SALLY JIM,

    Defendant, and

MICCOSUKEEE TRIBE OF INDIANS OF
FLORIDA

Intervenor-Defendant.
_____/

**DEFENDANT SALLY JIM AND INTERVENOR-DEFENDANT MICOSUKEE TRIBE OF INDIANS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR BENCH TRIAL**

Intervenor-Defendant the Miccosukee Tribe of Indians of Florida ("Miccosukee Tribe" or "Tribe"), by and through undersigned counsel, respectfully submit these Proposed Findings of Fact and Conclusions of Law for the Bench Trial, pursuant to this Court's Order (ECF No. 155) and Local Rule 16(k).

**I.      FINDINGS OF FACT**

1.    In 2001, Sally Jim was one of four members of her household that were eligible for assistance payments.

2.    In 2001, Sally Jim and members of her family received assistance payments of $272,000.00 from the Tribe.

3.    During that year, Sally Jim deposited some portion of the assistance payments she received in an account for the benefit of one of her children.

1

4. Sally Jim has the equivalent of a ninth grade education and, in 2015 and at the urging of the IRS, submitted a tax return listing $272,000.00 of nontaxable general welfare benefits.

5. The assistance payments Sally Jim was entitled to receive, and that her family members were entitled to receive, were made pursuant to tribal custom or tribal government practice.

6. The Tribe, in making assistance payments to Sally Jim, to her family members, and to other trial members, did not discriminate in favor of the Tribe's governing body.

7. Members of the Tribe are wholly dependent on the Tribal Government for their general welfare, and the Tribe has determined that the assistance payments at issue here are necessary to provide for the members' needs and the needs of the Tribe.

8. Assistance payments made to Sally Jim, her family and to other members of the Tribe are essential for sustaining members of the Tribe in their existing community where they continue to maintain their separate and historical language, identity and culture.  Disruption of this status quo would interfere with the ability of the members of the Tribe to live together on what is left of their tribal lands and force members of the Tribe to make their livelihoods elsewhere, thereby eroding the cohesion of the Tribe and forcing assimilation onto members.

9. The assistance payment made to Sally Jim and to other members of the Tribe were made without regard to services rendered by Sally Jim or any other member of the Tribe.

10. The Tribe can cease making assistance payments due to minor children available to the individual who is the head of household for those minor children if that individual does not use such payments for the benefit of the minor children.

11. Sally Jim used the funds she received on behalf of her children in an appropriate manner in order to benefit her children.

## II.   CONCLUSIONS OF LAW

### A. The Tribal General Welfare Exclusion Act of 2014 Excludes Payments Made to Sally Jim From Gross Income.

1. The assistance payments made to Sally Jim during the year 2001 are general welfare payments, as defined by the Tribal General Welfare Exclusion Act of 2014 ("Tribal GWE Act"), and therefore are excluded from taxation.

2. The Tribe and its Members receive the benefit of any ambiguities in the Tribal GWE Act.

3. Thus, any ambiguity in the statute—such as the meaning of a benefit subject to the general welfare exclusion—should be interpreted according to the meaning the tribal government gave to it. If any doubt exists, the dispute must be resolved in favor of the Tribe's interpretation.

4. Assistance payments made to Sally Jim and members of her family in 2001 meet the Tribal GWE Act's requirement that they are to be administered under specified guidelines.

5. Assistance payments made to Sally Jim and members of her family in 2001 meet the Tribal GWE Act's requirement that they are to be administered equally to each member of the Tribe and do not favor members of the Tribe's governing body.

3

6. Assistance payments made to Sally Jim and members of her family in 2001 meet the Tribal GWE Act's requirement that they are to be administered so that any member who meets the requirement receives the benefit.

7. Assistance payments made to Sally Jim and members of her family are for the promotion of the general welfare because: (1) members of the Tribe are wholly dependent on the Tribe for their general welfare; (2) assistance payments are essential for sustaining members of the Tribe in their existing community where they continue to maintain their separate language, identity and culture; (3) the Tribe's government has determined assistance payments are the most effective way to preserve its way of life.

8. Assistance payments made to Sally Jim and members of her family in 2001 are not lavish or extravagant in light of the relevant facts and circumstances.

9. Assistance payments made to Sally Jim and members of her family in 2001 meet the Tribal GWE Act's requirement that they cannot be for compensation for services.

**B. The IRS Incorrectly Includes Payments Made to Sally Jim's Family Members as Income to Sally Jim.**

1. Payments accepted on behalf of a family member do not constitute income to the person receiving it; they constitute income to the person entitled to receive it.

2. Sally Jim did not have complete dominion or an unfettered right over the assistance payments made to her because such payments were intended for the use and benefit of her children and her husband.

3. Assistance payments are not income to Sally Jim because she did not have an unfettered right over such payments.

4.     The IRS's assessment of tax against Sally Jim for 2001 is incorrect as it is based upon assistance payments she received on behalf of others which are not income to her.

5.     The IRS's assessment is incorrect because the IRS incorrectly included payments made to Sally Jim's children as gross income of Sally Jim.

**C.  Funds Received by Sally Jim are Exempt from Taxation**

6.     U.S. Supreme Court decisions in *United States v. Kagama*, 118 U.S. 375 (1885) and *Lone Wolf v. Hitchcock* 187 US 553 (1903) established that Congress has full or plenary authority over Indian Tribes.  However, Indian Tribes retain inherent sovereignty and power to govern themselves and activities that occur within their boundaries.  The U.S. Supreme Court has established canons of construction for interpreting treaties and settlements with Indian Tribes, specifically: (1) a treaty should be interpreted as the Indian Tribe and its members would have understood it; (2) any and all ambiguities or questions should be resolved in favor of the Indian Tribe and its members; and, (3) the substance of the rights at issue will be evaluated without regard to technical rules.  *See United States v. Winans*, 198 U.S. 371, 380-81(1905) ("[W]e will construe a treaty with the Indians as 'that unlettered people' understood it and 'as justice and reason demand in all cases where power is exerted by the strong over those to whom they owe care and protection,' and counterpoise the inequality 'by the superior justice which looks only to the substance of the right without regard to the technical rules.'") (*citing Choctaw Nation v. United Sates*, 119 U.S. 1 (1886)).

7.     Pursuant to U.S. Supreme Court precedent, the interpretation of a treaty between an Indian Tribe and the U.S. Government, and the interpretation of statutes

which codify such treaties, depends almost exclusively on how the Indian Tribe understood such treaty.

8. In support of their position, Sally Jim relies on 25 U.S.C. §1750, *et seq.*, which codifies the agreement between the Miccosukee and the U.S. Government regarding claims for land. Section 1750e(c) provides:

(1) In general
(A) Moneys
   None of the moneys paid to the Miccosukee Tribe under this part or the Settlement Agreement shall be taxable under Federal or State law.

(B) Lands
   None of the lands conveyed to the Miccosukee Tribe under this part or the Settlement Agreement shall be taxable under Federal or State law.

9. Additionally, Sally Jim cites the following statutory exemptions:

All property conveyed to tribes pursuant to this subchapter and all the receipts therefrom referred to in section 459d of this title, shall be exempt from Federal, State, and local taxation so long as such property is held in trust by the United States. Any distribution of such receipts to tribal members shall neither be considered as income or resources of such members for purposes of any such taxation nor as income, resources, or otherwise utilized as the basis for denying or reducing the financial assistance or other benefits to which such member or his household would otherwise be entitled to under the Social Security Act [42 U.S.C. 301 et seq.] or any other Federal or federally assisted program.

25 U.S.C. §459(e).

All lands or interests in land acquired by the United States for an Indian or Indian tribe under authority of this chapter shall be exempt from Federal, State and local taxation.

25 U.S.C. §2210.

These statutes must be construed in a light most favorable to the Miccosukee Tribe and its members. Furthermore, these statutes must be interpreted as the Miccosukee Tribe and its members understood them. Interpreted in this light, these statutes exempt from income the payments Sally Jim received from the Tribe.

6

LEGAL02/36434353v1

However, even without interpreting these statutes as the Miccosukee Tribe understood them, the plain language of the statutes confirms that income derived from the use of tribal lands is exempt from taxation.

Respectfully submitted this 24th day of May, 2015.

| | |
|---|---|
| */s/ Robert O. Saunooke* | */s/ George B. Abney* |
| ROBERT O. SAUNOOKE, ESQ. | GEORGE B. ABNEY |
| Saunooke Law Firm, P.A. | Florida Bar Number 171557 |
| 18620 S.W. 39th Court | **ALSTON & BIRD LLP** |
| Miramar, FL 33029 | 1201 West Peachtree Street |
| Telephone (561) 302-5297 | Atlanta, Georgia 30309-3424 |
| Facsimile (954) 499-0598 | Telephone: 404-881-7000 |
| FBN: 972827 | Facsimile: 404-881-7777 |
| ndnlawyer@hotmail.com | george.abney@alston.com |
| | |
| *Attorney for Defendant Sally Jim* | *Attorney for Defendant-Intervenor the Miccosukee Tribe of Indians of Florida* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016, all the parties in this case have been served in accordance with the notice of electronic filing, which was generated as a result of electronic filing in this Court.

By: */s/ George B. Abney*
GEORGE B. ABNEY
Florida Bar Number 171557