### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO. 14-22441-CIV-ALTONAGA/O'Sullivan

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**SALLY JIM**,

        Defendant.

_____/

#### ORDER

**THIS CAUSE** came before the Court on Plaintiff, United States of America's ("Plaintiff['s]") Motion in *Limine* . . . [ECF No. 170], filed May 24, 2016. The parties in this case have stipulated to a bench trial. (*See generally* Stipulation of Withdrawal of Jury Trial Demand [ECF No. 162]).

It is unnecessary, in bench trials, for a court to determine whether to exclude evidence prior to the start of trial. *See Cramer v. Sabine Transp. Co*., 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) (noting, "this is a bench trial, making any motion in limine asinine on its face"). The purpose of a motion *in limine* is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury. *See Pinal Creek Group v. Newmont Mining Corp*., No. CV-91-1764-PHX-DAE, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006). In resolving evidentiary disputes before trial, motions *in limine* avoid the need to "unring the bell" once inadmissible evidence has been presented to the jury. *Id.* (internal quotation marks and citation omitted).

The rationale underlying pre-trial motions *in limine* does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent

CASE NO. 14-22441-CIV-ALTONAGA/O'Sullivan

evidence. *See id.* In fact, courts are advised to deny motions *in limine* in non-jury cases. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2411 (3d ed. 2008). When ruling on motions *in limine*, a court is forced to determine the admissibility of evidence without the benefit of the context of trial. *See LaConner Assocs. Ltd. Liab. Co. v. Island Tug and Barge Co.*, No. C07-175RSL, 2008 WL 2077948, at *2 (W.D. Wash. May 15, 2008); *Rettiger v. IBP, Inc.*, No. 96-4015-SAC, 1999 WL 318153, at *1 (D. Kan. Jan. 6, 1999) (recognizing that a court is almost always better situated during the actual trial to assess the value and utility of evidence). The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility. *See Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ 3796 (PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 170]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 25th day of May, 2016.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record